[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a complaint for personal injuries claimed by plaintiff Ivonne Cruz following an accident in which she allegedly was struck by defendant John Barna's car on East Farms Street in Waterbury, Connecticut. The matter came before the court for trial on December 1, 1998, without a jury.
Ms. Cruz testified that at the time of the incident in suit, she and her parents were walking in a westerly direction on East Farms Street. They were in the street rather than on the sidewalk because snow had accumulated on the sidewalk, leaving it icy. They had just left a bingo game at St. Sanaslaus Church and had discovered that their car would not start, so they were walking on East Farms Street to call for help from a public telephone.
Ms. Cruz testified that she was walking close to the side of the road, her mother was walking in front of her in single file and her father was walking some distance behind her. Plaintiff stated that she saw defendant Barna's car approaching her slowly from an easterly direction and that his car came too close to her and struck her, causing her to fall on the bank of ice on the side of the road. According to plaintiff, the defendant continued on and then stopped a short distance away when plaintiff's father positioned himself in front of the defendant's car and then went over to the driver's side of the car and removed the keys from the ignition. Police and an ambulance were called to the scene and the plaintiff was taken to St. Mary's Hospital, where she was treated and released. She stated that she had just delivered a baby about one week prior to this incident and was still recuperating from that childbirth at the time of this accident. The police officer made a report, which was introduced into evidence as Defendant's Exhibit 1.
Defendant John Barna testified that he was traveling east on East Farms Street, that he did see the pedestrians and he did pass them. He testified that there was considerable traffic on the road because people were leaving the bingo event and he himself was there to pick up his sister who had attended this event. He testified that he did not recall striking anyone, that he did not see or hear anything that would lead him to believe his car had hit someone, and he especially could not understand why anyone would have taken the keys out of his car when he stopped in traffic. CT Page 15173
The court has carefully considered the testimony of both the plaintiff and the defendant and has read the report of the police officer. The court finds that the testimony of the plaintiff was credible. The court believes that she undoubtedly was bumped by the defendant's car, causing her to fall onto the bank of ice. That hard surface, combined with her fragile condition, caused her injury, resulting in pain and discomfort. While the court does not believe that the contact with defendant's car was significant, it was enough to cause her to lose her balance and fall. That slight contact with the car may account for the fact that the defendant did not hear any type of sound that would have called his attention to this accident.
Plaintiff has alleged that the defendant was negligent in that he failed to keep a proper lookout and failed to turn his vehicle sufficiently to avoid striking the plaintiff. The court finds that a reasonable person in a similar situation, with people leaving the bingo function and people walking in the road, should have approached pedestrians more cautiously and proceeded through the crowd with more care. Consequently, the court finds that the defendant was negligent and that the plaintiff is entitled to recover for the injuries that she sustained as a result of this accident.
The court does not believe that plaintiff's injuries were significant; rather, it is reasonable to assume that her fall was exacerbated by her post-natal condition. The defendant nevertheless must take the plaintiff as he finds her. Skrzypiecv. Noonan, 228 Conn. 1, 20, 633 A.2d 716 (1993).
The court finds that the economic losses as evidenced by the medical bills for the emergency treatment at St. Mary's Hospital, the consult with Dr. Hakim and the chiropractic treatment with Dr. Rosa, were reasonable and causally connected to the incident and therefore the court awards as economic damages the sum of $3,767.00. In addition, the court awards non-economic damages for the pain and suffering suffered by the plaintiff on the night of the incident and for a short period thereafter, in the amount of $2,000.00
Accordingly, judgment shall enter for the plaintiff and against the defendant in the amount of $5,767.00.
PELLEGRINO, J. CT Page 15174